IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | No. 2:09-CR-045 |
| ) | |
| RONNIE COOPER ) | |

### MEMORANDUM AND ORDER

Following a four-week, seven-defendant jury trial, defendant Ronnie Cooper was found guilty on counts one, three, five, six, and twenty of the third superseding indictment. Now before the court are defendant Cooper's "Motion for New Trial" [doc. 643] and "Motion for a Judgment of Acquittal" [doc. 644]. The government has responded in opposition to the motions [doc. 683], and the defendant has not replied. For the reasons that follow, the defendant's motions will be denied.

*I.*

*Background & Authority*

The third superseding indictment charged the defendant with conspiring to distribute and possess with the intent to distribute cocaine (count one), conspiring to distribute and possess with the intent to distribute marijuana (count three), conspiring to distribute and possess with the intent to distribute cocaine base (count five), conspiring to money launder (count six), and conspiring to retaliate against an informant and/or tamper with a witness (count twenty). The defendant moved for acquittal at the close of the government's proof at trial, and again at the close of all the proof. Both requests were

denied, and the defendant's renewed motion is now before the court along with his motion for a new trial.

A Rule 29(c) motion for judgment of acquittal challenges the sufficiency of the evidence. *See* Fed. R. Crim. P. 29(a), (c). When reviewing a sufficiency of the evidence claim, the court "must decide whether, after viewing the evidence in a light most favorable to the government, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Gardner*, 488 F.3d 700, 710 (6th Cir. 2007). The court does not weigh the evidence, consider witness credibility, or substitute its judgment for that of the jury. *United States v. Chavis*, 296 F.3d 450, 455 (6th Cir. 2002). "A defendant making such a challenge bears a very heavy burden." *United States v. Tocco*, 200 F.3d 401, 424 (6th Cir. 2000).

*II.*

*Analysis*

A. Witness Credibility

The defendant attacks the credibility of the government's trial witnesses. However, "[s]ufficiency-of-the-evidence appeals are no place . . . for arguments regarding a government witness's lack of credibility." *United States v. Hernandez*, 227 F.3d 686, 694-95 (6th Cir. 2000) (citations and quotations omitted). The defendant's credibility complaints therefore are not grounds for acquittal.

2

## B. Corroboration

The defendant complains that the testimony of certain "jailhouse" witnesses was not corroborated. However, the court correctly instructed the jurors that the testimony of such witnesses should be considered "with more caution than the testimony of other witnesses. Do not convict a defendant based on the unsupported testimony of such a witness, standing alone, unless you believe their testimony beyond a reasonable doubt." "[I]t is well-settled that uncorroborated testimony of an accomplice may support a conviction in federal court." *United States v. Spearman*, 186 F.3d 743, 746 (6th Cir. 1999).

## C. Sufficiency of the Evidence

As noted, counts one, three, five, six, and twenty of the third superseding indictment charged that the defendant was a member of conspiracies: to distribute and to possess with intent to distribute five kilograms or more of cocaine; to distribute and to possess with intent to distribute marijuana; to distribute and to possess with intent to distribute 50 grams or more of cocaine base; to money launder; and to engage in witness tampering and/or retaliation against an informant. As to each count, the government had the burden at trial of proving beyond a reasonable doubt: (1) an agreement to violate the law; (2) knowledge of, and intent to join, the conspiracy; and (3) participation in the conspiracy. *Gardner*, 488 F.3d at 710. Viewing the evidence in the light most favorable to the prosecution, a rational jury could easily have found all of these elements satisfied.

3

During three weeks of proof, the jurors were presented with a substantial amount of wiretap and documentary evidence. The jurors also heard the testimony of codefendant Jamie Rush and investigating agent Brian Vicchio, among others, regarding the nature and extent of codefendant Sunnah Maddox's drug enterprise. Maddox himself even admitted from the stand that he headed a marijuana conspiracy. Accordingly, a rational trier of fact could easily have found the existence of cocaine, marijuana, and cocaine base distribution conspiracies. Further, based on extensive testimony and wire transfer evidence, a rational trier of fact could have found the existence of a money laundering conspiracy relating to the proceeds of Maddox's unlawful activities. Lastly, based on recorded phone calls from Maddox to Rush, the defendant, and codefendant Keith Ruffin, a rational trier of fact could have found the existence of a conspiracy to retaliate against and/or tamper with Rush based on his status as an informant and/or trial witness.

The government similarly met its burden regarding the defendant's knowledge, intent, and participation in these conspiracies. Numerous intercepted (and often coded) communications between Maddox and the defendant, and the interpretations of those communications by Agent Vicchio, evidenced the two men's efforts to acquire sources of cocaine and marijuana. Daniel Ballinger testified that the defendant admitted to him that he sold large quantities of cocaine base, both in New York and in Tennessee.

As to the money laundering conspiracy, the jury heard from financial investigator Lynn Barker. Agent Barker identified a wire transfer sent by Maddox to the

4

defendant, along with twenty other transfers sent by Maddox to the defendant's wife (Maddox's sister). A rational juror could certainly have viewed the transfers to the defendant's wife in light of the significant evidence presented that the male conspirators in this case used women to shield their unlawful activities.

Regarding the intimidation/tampering conspiracy, the jurors first heard an intercepted recording in which Maddox left a message for Rush stating, "You talking real sly out there boy, well at the end of the day you probably a f***ing rat b*tch, but when I catch you fam best have your f***ing ones up p*ssy and you better watch your step out there n**** cause you ain't safe." Maddox then immediately called his brother-in-law, the defendant. Maddox instructed "if you ever come in contact with this boy . . . . Green light on him." The defendant responded, "Yeah?" After expressing his desire to "smash this n****," Maddox again instructed the defendant on what to do "if you come in contact," to which the defendant responded, "Yeah, no doubt, no doubt." While the defendant's statements during this call were less direct than Maddox's, a rational juror could certainly have considered the call in combination with Ballenger's testimony. That witness stated that the defendant "told me that if [I] come to trial on him that him and his partners, from where they from, they kill snitches, and they've got enough money out there to have me and our family killed." The proof pertaining to count twenty is also evidence of the defendant's participation in furthering the drug conspiracies.

5

Based on the sampling of the evidence cited herein, and viewing the evidence in the light most favorable to the prosecution, a reasonable jury could have found the essential elements of counts one, five, six, and twenty beyond a reasonable doubt. The court recognizes the conflicting evidence and arguable inconsistencies cited by the defendant. However, the court cannot reweigh the evidence in deciding a Rule 29 motion. *See United States v. Conatser*, 514 F.3d 508, 518 (6th Cir. 2008).

### D. Prosecutorial Misconduct

The defendant next cites, without any developed argumentation, the fact that "[d]uring the prosecution's closing argument, the prosecutor argued that 'desperate defense lawyers' claim the prosecution witnesses are lying or words to that effect."[1] It is initially noted that arguments raised in favor of acquittal, "adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." *United States v. Layne*, 192 F.3d 556, 566-67 (6th Cir. 1999) (citation omitted).

Even if the defendant had not waived this issue, the complained-of comment falls far short of the necessary standard for relief. An inappropriate but isolated prosecutorial comment is not grounds for acquittal. *See United States v. Wells*, 623 F.3d 332, 338 (6th Cir. 2010). The present remark, made in response to attacks on the veracity of prosecution witnesses, is entirely distinguishable from the facts of the sole case cited by the defendant, *United States v. Holmes*, 413 F.3d 770 (8th Cir. 2005), in which the prosecution made

---

[1] The actual language used was "desperation by Defense Attorneys." [Doc. 677, p. 2520].

6

repeated "personal, unsubstantiated attacks on the character and ethics of opposing counsel."

### E. Perjury

The defendant concludes his Rule 29 motions with a string citation relating to knowing use of false testimony by prosecutors. The insinuation that perjured testimony was knowingly offered by the government in this case is wholly unsupported and warrants no further discussion. *Layne*, 192 at 566.

### F. Motion for a New Trial

Federal Rule of Criminal Procedure 33(a) provides, "Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." A motion for a new trial under Rule 33(a) "may be premised upon the argument that the jury's verdict was against the manifest weight of the evidence. Generally, such motions are granted only in the extraordinary circumstance where the evidence preponderates heavily against the verdict." *United States v. Hughes*, 505 F.3d 578, 592-93 (6th Cir. 2007) (citation and quotation omitted). Unlike Rule 29 review, the court in deciding a Rule 33 motion assesses witness credibility and the weight of the evidence. *Id.* at 593.

The court recognizes, as cited in the defendant's motion, that there were inconsistencies in the testimony of witness Ballinger, and that conflicting proof was offered as to the testimony of witness Sanders and as to identification of the defendant's voice on a single intercepted phone call. As cited throughout this opinion, however, these were not

7

the only pieces of evidence offered against the defendant. The undersigned heard all the proof at trial and observed the witnesses first-hand. The court has considered the credibility of all the testifying witnesses, along with the nature and strength of all the proof presented. The jury's decision in this case was not against the manifest weight of the evidence. This is not "the extraordinary circumstance where the evidence preponderates heavily against the verdict." The defendant's Rule 33(a) weight of the evidence request will be denied.

*III.*

*Conclusion*

For the reasons provided herein, the defendant's "Motion for New Trial" [doc. 643] and "Motion for a Judgment of Acquittal" [doc. 644] are **DENIED**.

**IT IS SO ORDERED.**

ENTER:

    s/ Leon Jordan    
United States District Judge
