IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION


UNITED STATES OF AMERICA              )
                                      )
v.                                    )       No. 2:09-CR-045
                                      )
RONNIE COOPER                         )


**MEMORANDUM AND ORDER**

The defendant has filed a number of objections to his presentence investigation report ("PSR"). Foremost among them are his objections to being designated a career offender under section 4B1.1 of the sentencing guidelines.

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1(a). The defendant challenges only the third of these elements, that he has two prior felony controlled substance convictions.

At paragraph 57, the PSR identifies a 1993 New York controlled substance charge, case number SCI-05926-93. In April 1995, the defendant was adjudicated a youthful offender and was sentenced to six months incarceration to be followed by a five-year term of probation. The defendant objects that this youthful offender finding cannot be a predicate offense for career offender status. However, in May 1999, the defendant was found to have violated the terms of his probation and was resentenced to one to three years of imprisonment. Case number SCI-05926-93 is therefore properly counted as a predicate controlled substance felony conviction. *See* U.S.S.G. §§ 4A1.2(e),

(k)(1); *see also United States v. Spells*, 267 F. App'x 93, 95 (2d Cir. 2008) (where defendant was initially sentenced to probation as a youthful offender but subsequently violated his probation and served a one to three year sentence in an adult facility, the conviction was properly counted as a career offender predicate).

At paragraph 59, the PSR identifies a second career offender predicate conviction for attempted sale of a controlled substance, case number SCI-03793-95. Because he received only a six-month sentence plus five years of probation for this 1995 offense, the defendant argues that the conviction should not be counted in his criminal history due to remoteness. However, in 1999, the defendant was sentenced to a one to three year term of imprisonment for violating probation in this case as well, with the sentence to be served concurrently with the revocation sentence in case number SCI-05926-93. His remoteness challenge thus fails. *See* U.S.S.G. §§ 4A1.2(e)(1), (k)(1).

For these reasons, the PSR correctly designates cases SCI-03793-95 and SCI-05926-93 as prior felony controlled substance convictions. The defendant is a career offender under advisory guidelines.

The defendant next objects to a date error in the initial information to establish prior conviction filed by the government [doc. 171]. However, the prosecution has subsequently filed an amended information to correct that typographical error [doc. 798], as it is allowed to do under 21 U.S.C. § 851(a)(1). Moreover, in his sentencing memorandum [doc. 788, p.1-2], the defendant concedes this issue.

Lastly, to the extent that the defendant objects to the PSR's drug quantity calculation or the finality of a 1999 Maryland drug charge, those complaints are moot in light of his proper designation as a career offender. To the extent that the defendant's objections relate to his

2

dissatisfaction with the verdict and fact-finding of his jury, he is misplaced in using his PSR objections as the avenue for voicing those complaints.

For the reasons provided herein, the defendant's objections to his PSR are **OVERRULED** in their entirety.

**IT IS SO ORDERED.**

ENTER:

          s/ Leon Jordan
United States District Judge