**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TENNESSEE**
**AT GREENVILLE**

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | No. 2:09-CR-045 |
| RONNIE COOPER | |

## MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255

RONNIE COOPER, Federal Register No. 16111-052, who is currently

incarcerated at the Federal Correctional Institution at Otisville, New York, respectfully

moves this court to vacate and set aside his sentence pursuant to 28 U.S.C. § 2255 based

on that sentence having been imposed in violation of the Constitution and laws of the

United States.

## PROCEDURAL BACKGROUND

1.      In a Third Superseding Indictment dated July 10, 2010, Mr.

Cooper was charged before this Court with (1) conspiracy to distribute and possess with

intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 841;

(2) conspiracy to distribute and possess with intent to distribute a quantity of marijuana,

in violation of 21 U.S.C. § 841; (3) conspiracy to distribute and possess with intent to

distribute 50 grams or more of cocaine base (crack), in violation of 21 U.S.C. § 841;

(4) conspiracy to commit money laundering in violation of 18 U.S.C. § 1956; and

(5) conspiracy to intimidate a witness, in violation of 18 U.S.C. §§ 1512 and 1513. (ECF No. 398, Page ID # 2211–28.)

2.      On July 19, 2010, Mr. Cooper waived his appearance at the arraignment pursuant to Federal Rule of Criminal Procedure 10 and entered a plea of not guilty. (ECF No. 413, Page ID #2260.) This plea was accepted on July 20, 2010. (ECF No. 417, Page ID # 2267.)

3.      On December 21, 2010, following a ten-day jury trial, the jury returned a verdict finding Mr. Cooper guilty on all five charges. (ECF No. 638, Page ID # 3219–21.)

4.      Mr. Cooper did not testify at a pretrial hearing, trial, or post-trial hearing.

5.      Mr. Cooper filed a motion for a new trial on December 23, 2010 and a motion for acquittal on December 27, 2010. (ECF No. 643, Page ID # 3231–35; ECF No. 644, Page ID # 3236–42.) Both motions were denied on February 23, 2011. (ECF No. 705, Page ID # 6416–23.)

6.      On September 29, 2011, Mr. Cooper was sentenced to a term of imprisonment of 360 months, eight years of supervised release, and a special assessment fee of $500.00. (ECF No. 841, Page ID # 7132.)

7.      Mr. Cooper appealed this conviction and sentence to the Sixth Circuit on November 30, 2012. In his appellate brief, Mr. Cooper argued that: (1) there was insufficient evidence for a jury to convict on any of the five counts against him; (2) the District Court erred in denying his motion for a new trial; (3) his convictions on the drug conspiracy and money laundering counts represented an impermissible variance

from the conspiracies charged in the indictment; (4) the District Court erred in classifying

him as a career offender under the Federal Sentencing Guidelines; (5) the District Court

improperly failed to explain its reasons for denying a downward variance in sentencing;

and (6) the sentence imposed was otherwise procedurally and substantively unreasonable.

8.    The Sixth Circuit denied Mr. Cooper's appeal on April 1, 2014.

*United States* v. *Miller, et al.*, No. 11-5829, Doc. 140-1 (6th Cir. Apr. 1, 2014).  Mr.

Cooper filed a petition for panel rehearing on June 1, 2014, which was denied on July 22,

2014.  (ECF No. 942, Page ID # 8259–60.)

9.    On October 20, 2014, Mr. Cooper filed a petition for writ of

certiorari seeking Supreme Court review on the issue of whether a New York youthful

offender adjudication qualifies as an adult conviction for purposes of the Career Offender

Guideline.  The Supreme Court, in Case No. 14-455, denied the petition on December 1,

2014.  (ECF No. 969, Page ID # 8627.)  At that point, Mr. Cooper's judgment became

final for purposes of 28 U.S.C. § 2255(f)(1).

10.   Other than the direct appeals listed above, Mr. Cooper has not filed

any other motions, petitions, or applications concerning this judgment of conviction in

any court.

11.   Mr. Cooper was represented at all stages of his trial by William

Louis Ricker, whose business address is 121 South Main Street, Greenville, TN 37743.

12.   Mr. Cooper was represented on appeal by Renée Paradis, whose

business address is 1459 18th Street #185, San Francisco, CA 94107.

13.     Mr. Cooper was represented on his petition for writ of certiorari by Ms. Paradis and the undersigned counsel from Paul, Weiss, Rifkind, Wharton & Garrison LLP.

14.     Mr. Cooper does not have any future sentence to serve after completing the sentence for the judgment that this motion is challenging.

## GROUNDS FOR RELIEF

15.     *Brady* Violation.  Mr. Cooper's sentence should be vacated because he was deprived of his rights under the Due Process Clause of the Fourteenth Amendment when the prosecution, in violation of the rule set forth in *Brady* v. *Maryland*, 373 U.S. 83 (1963), suppressed exculpatory evidence material to the question of Mr. Cooper's guilt.

a.     During the trial of Mr. Cooper and his codefendants, defendant turned cooperating witness Jamie Rush testified for the prosecution over the course of three days pursuant to a plea agreement.  Mr. Rush offered extensive testimony demonstrating his knowledge of the Sunnah Maddox drug operation that formed the basis for all of the charges in this case, including those against Mr. Cooper.  Mr. Rush provided incriminating testimony against all of the defendants except Mr. Cooper.

b.     As set forth in the accompanying affidavits of Clancy Nolan and Lois Colley, it has come to light through a post-conviction investigation that Mr. Rush told law enforcement officials in pre-trial interviews that Mr. Cooper had no involvement whatsoever in the Sunnah Maddox drug

operation that was the subject of the charges against him.  (Nolan Aff. ¶¶ 4–8;
Colley Aff. ¶¶ 4–12.)

    c. As set forth in the accompanying affidavit of Mr. Cooper's
trial counsel, William Louis Ricker, the prosecution never disclosed Mr. Rush's
statement of Mr. Cooper's innocence to Mr. Cooper's counsel, nor did it disclose
documents reflecting Mr. Rush's statement.  (Ricker Aff. ¶ 4–5.)

    d. As set forth in the accompanying memorandum of law, the
prosecution was obligated to disclose this evidence to Mr. Cooper's counsel, and
the failure to do so dictates that Mr. Cooper's sentence be vacated.

    e. This issue was not raised on Mr. Cooper's direct appeal
because the underlying facts were not yet known by Mr. Cooper or his counsel.

   16. <u>Ineffective Assistance of Counsel</u>.  Alternatively, had evidence of
Mr. Rush's statement been disclosed to Mr. Cooper's trial counsel, then the failure to
cross-examine Mr. Rush on that basis would amount to constitutionally ineffective
assistance of counsel, and Mr. Cooper's conviction should be vacated on that basis.  This
issue was not raised on Mr. Cooper's direct appeal both because the underlying facts
were not yet known and because arguments based on ineffective assistance of counsel are
generally not permitted on direct appeal.

## CONCLUSION

For the reasons set forth herein and in the accompanying memorandum of law, Mr. Cooper respectfully asks that this Court vacate and set aside his sentence pursuant to 28 U.S.C. § 2255.

Dated: New York, New York
      November 30, 2015

PAUL, WEISS, RIFKIND, WHARTON
& GARRISON LLP


By: /s/ Jaren Janghorbani

Jaren Janghorbani*
Andrew Markquart*
Thomas Christman Rice*
1285 Avenue of the Americas
New York, NY  10019-6064
Telephone:  (212) 373-3000
Fax:  (212) 757-3990
jjanghorbani@paulweiss.com
amarkquart@paulweiss.com
trice@paulweiss.com

*Admitted *pro hac vice*

*Attorneys for Movant Ronnie Cooper*

BERNSTEIN, STAIR &MCADAMS
LLP
Nathaniel Evans
116 Agnes Road
Knoxville, TN 37919
Telephone:  (865) 546-8030
Fax:  (865) 522-8879
nevans@bsmlaw.com

LAW OFFICES OF BRYAN E. DELIUS
Bryce W. McKenzie
124 Court Avenue
Sevierville, TN 37862
Telephone:  (865) 428-8780
Fax:  (865) 428-5254
bryce@bryandelius.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 30, 2015, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

 /s/ Jaren Janghorbani
Jaren Janghorbani
Paul, Weiss, Rifkind, Wharton & Garrison LLP